UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KATHY IRENE FRANKLIN,

    Plaintiff,

v.

                                          CASE NO.: 5:09-cv076-SPM-MD

MICHAEL J. ASTRUE,

    Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 25). Plaintiff has been afforded the opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff filed such an objection (doc. 26). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Plaintiff objects that the Magistrate Judge erred in concluding that there was substantial evidence in the record sufficient for the Administrative Law Judge ("ALJ") to find that the Plaintiff did not suffer from any severe impairments that met or were equal to those impairments listed in Appendix 1 of 20 C.F.R. Part 404, pursuant to Step 3 of the Social Security claim analysis. In reviewing the Commissioner's decision, this Court must determine whether the decision is supported by substantial evidence in the record and whether the decision is premised upon the correct legal principles. Chester v, Bowen, 792 F.2d 129, 131 (11th Cir. 1986). A decision is supported by substantial evidence if a reasonable person would accept the relevant evidence as sufficient to support the ruling.

Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). While preponderance is not required, the substantial evidence standard requires "more than a scintilla." Id. Thus, it is only proper to overturn an ALJ's decision on a Social Security claim when a reasonable person would not have found the evidence in the record sufficient to arrive at the ALJ's decision.

In this case, the ALJ found that Plaintiff did not suffer from impairments that met or were equal to the impairments listed in Appendix 1 of 20 C.F.R. Part 404. First, Plaintiff's alleged fibromyalgia does not qualify as a severe impairment under Step 3 of the Social Security claim analysis. Objective evidence of fibromyalgia is not required to establish the existence of a severe impairment. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). However, a claimant must at least establish "[p]ersistent, reproducible muscle tenderness on repeated [medical] examinations, including the presence of positive tender points." Social Security Ruling 99-2p, 1999 WL 271569 (1999). While Plaintiff was diagnosed with fibromyalgia upon a positive trigger point exam by Dr. Crayton (transcript, 430-31) and an initial examination by Dr. Stringer (transcript, 244), there is no further evidence to support Plaintiff's alleged severe impairment. During Plaintiff's numerous examinations between November 17, 2006 and August 21, 2007, Dr. Stringer did not refer to fibromyalgia in his reports and noted that Plaintiff's pain had been reduced from a ten out of ten to a three out of ten (transcript, 224-29, 205-07, 196-98). Additionally, Plaintiff neither initially aleged that the source of her severe impairment was fibromyalgia (transcript, 520), nor did she refer to fibromyalgia when she testified (transcript, 516-29). As

Plaintiff has thereby failed to establish "[p]ersistent, reproducible muscle tenderness on repeated examinations," Plaintiff's alleged fibromyalgia does not provide sufficient evidence to satisfy Step 3 of the Social Security claim analysis.

Similarly, Plaintiff's alleged occipital neuralgia does not satisfy Step 3 of the Social Security claim analysis. While Plaintiff claims that she was treated for occipital neuralgia, the record simply does not reflect such contention. Dr. Stringer neither associated any findings from the EMG administered in June 2005 nor any injection therapy with Plaintiff's alleged occipital neuralgia. On the contrary, Dr. Stringer administered the EMG and injection therapy in response to Plaintiff's neck pain (transcript, 256). Plaintiff also testified that she suffered from migraine headaches, which do not occur in the same location or in the same intensity as headaches related to occipital neuralgia (transcript, 525-26). Consequently, Plaintiff's alleged occipital neuralgia does not satisfy Step 3 of the Social Security claim analysis because the record does not sufficiently demonstrate that Plaintiff suffers from such a severe impairment.

Finally, Plaintiff objects to the ALJ's rejection of the opinion of her mental health nurse, Mr. Chesser. However, there is substantial evidence in the record to provide a reasonable basis for the ALJ's decision. Mr. Chesser's treatment notes do not support his final conclusion that Plaintiff suffers from a severe impairment. During Mr. Chesser's last year of treatment, Plaintiff consistently scored a 65 on the GAF test. As such a score indicates that the patient has only some mild neurologic symptoms, Mr. Chesser's opinion that Plaintiff was severely limited in most all activities cannot be relied on. Furthermore, even if

Mr. Chesser's opinion was grounded in his treatment notes, the ALJ might still choose to reject the opinion. An ALJ has the discretion to give less weight to the opinions of non-medical doctors than medical doctors. Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998). As the ALJ was able to determine the absence of a severe impairment based on records from Plaintiff's medical doctors, the ALJ had the discretion to deny Plaintiff's Social Security claim on those records alone. Thus, there is substantial evidence in the record to provide a reasonable basis for the ALJ's rejection of Mr. Chesser's opinion.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 25) is *adopted* and incorporated by reference into this order.
2. The decision of the Commissioner to deny Plaintiff's application for Social Security benefits is *affirmed*.

DONE AND ORDERED this fourth day of June, 2010.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

Case No.: 5:09-cv076-SPM-MD

4